IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS CHARLES BROWN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-472-N |
| | ) | (Consolidated with |
| LORIE DAVIS, Director, TDCJ-CID, | ) | 3:16-CV-858-N) |
| Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

## II. Background

Petitioner was convicted of aggravated kidnaping and unlawful possession of a firearm. *State of Texas v. Curtis Charles Brown*, Nos. F-0712043 and F-0755886 (291st Dist. Ct., Dallas County, Tex., Oct. 6, 2008). He was sentenced to fifty years in prison.

On June 29, 2010, the Fifth District Court of Appeals affirmed Petitioner's convictions and sentences. *Brown v. State*, Nos. 05-08-01508-CR and 05-08-01509-CR (Tex. App. – Dallas, 2010). On March 9, 2011, the Texas Court of Criminal Appeals denied Petitioner's petitions for discretionary review. PDR Nos. 0903-10 and 0904-10.

On January 3, 2012, Petitioner filed a state habeas petition challenging each conviction. *Ex parte Brown*, Nos. 74,417-02, -03. On November 12, 2014, the Texas Court of Criminal Appeals dismissed the petitions as non-compliant. On December 1, 2014, Petitioner filed a second state habeas petition challenging his aggravated kidnaping conviction. *Ex parte Brown*, No. 74,417-04. On June 24, 2015, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On December 16, 2014, Petitioner filed a second state petition challenging his gun possession conviction. *Ex parte Brown*, No. 74,417-05. On January 13, 2016, the Court of Criminal Appeals denied the petitions on the findings of the trial court.

On February 12, 2016, Petitioner filed this § 2254 petition challenging his aggravated kidnaping conviction. On March 20, 2016, he filed a § 2254 petition challenging his gun conviction. *Brown v. Davis*, No. 3:16-CV-858-N (N.D. Tex.) On April 4, 2016, the Court consolidated the two cases. Petitioner argues:

1. He received ineffective assistance of counsel when:

    (a) counsel failed to investigate whether he was competent to stand trial;

    (b) counsel failed to sever the two cases;

    (c) appellate counsel failed to challenge the trial's judge's voir dire comments; and

2. The trial court erred when it failed to order a competency exam.

On April 29, 2016, Respondent filed her answer arguing, *inter alia*, that the petition is barred by limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time-barred.

## III. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On March 9, 2011, the Texas Court of Criminal Appeals denied Petitioner's petitions for

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

discretionary review. The convictions became final ninety days later, on June 7, 2011. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until June 7, 2012, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 3, 2012, Petitioner filed his first two state habeas petitions. Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first two habeas application was dismissed because they failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. They therefore was not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings); *Edwards v. Dretke*, 116 Fed. Appx. 470, 2004 WL 2278502, (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Since Petitioner's first two state habeas applications were not properly filed, they did not statutorily toll the limitations period.

Petitioner also filed state habeas petitions on December 1, 2014, and December 16, 2014. These petitions were filed after the AEDPA limitations period expired. They therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by June 7, 2012. He did not file his petition until February 12, 2016. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner has failed to show that he is entitled to equitable tolling.

## IV. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 2 day of April, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).